HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEKVISIONS, INC.,

    Plaintiff,

v.

THE HARTFORD CASUALTY
INSURANCE COMPANY,

    Defendant.

Case No. 16-1946-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant The Hartford Casualty Insurance Company's ("Hartford") Motion to Transfer Case Venue (Dkt. # 14) and Motion to Stay Discovery (Dkt. # 26). Having reviewed the submissions of the parties, the relevant portions of the record, and the applicable law, the Court concludes that oral argument is unnecessary. For the reasons that follow, the Court **DENIES** Hartford's motion to transfer and **DENIES as moot** Hartford's motion to stay.

## II. BACKGROUND

The Court describes the facts as Plaintiff TekVisions, Inc. ("TekVisions") alleges them in its complaint, expressing no position on whether these allegations will prove true. Dkt. # 1-1 (Complaint).

TekVisions is a company that sells computer services. In 2011, TekVisions purchased a general liability insurance policy from Hartford. The policy included

ORDER – 1

coverage for "business liability" and "advertising injury." In September 2015, Microsoft, Inc. filed an action against TekVisions for violations of its intellectual property rights and other wrongful business practices. In January 2016, TekVisions tendered its defense to Hartford, yet Hartford failed to reasonably respond despite repeated requests and follow-up communications. In August 2016, without having received a coverage decision from Hartford, TekVisions settled the lawsuit with Microsoft. In September 2016, Hartford denied TekVisions' insurance claim.

On December 20, 2016, TekVisions filed the instant action against Hartford alleging claims for: (1) violation of the Insurance Fair Conduct Act, RCW 48.30.015, *et seq.*; (2) violation of the Consumer Protection Act, RCW 19.86.020, *et seq.*; (3) breach of contract; (4) insurance bad faith; and (5) equitable estoppel.

Now, Hartford moves to transfer venue to the Central District of California and to stay discovery pending the Court's decision on the motion to transfer. Dkt. ## 14, 26. TekVisions opposes the motions. Dkt. ## 18, 31.

### III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Applying this case-specific approach requires the Court to balance a series of factors. *Id.* These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two

ORDER – 2

forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Additionally, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## IV. ANALYSIS

### A. Location Where the Insurance Contract Was Negotiated

The first *Jones* factor is the location where the agreement at issue was negotiated. Hartford contends that the insurance contract was negotiated in California because that is the location from which TekVisions sought insurance coverage. TekVisions contends that the insurance contract was negotiated in multiple locations. For support, TekVisions cites the signature page of the contract, which indicates that Hartford's Operations Support Specialist signed it in New York State.

The record does not support Hartford's contention that the parties negotiated the contract solely in California. Rather, the record shows that negotiations took place in multiple locations. As such, the first factor does not weigh in favor of transfer. *Ahead, LLC v. KASC*, Inc., No. C13-0187JLR, 2013 WL 1747765, at *9 (W.D. Wash. Apr. 23, 2013) ("This is a neutral factor when parties negotiate and execute a contract in multiple locations.").

### B. Whether Washington or California Is Most Familiar with the Governing Law

The second factor assesses which state is more familiar with the applicable law. The parties agree that there is no conflict of law regarding TekVisions' breach of contract claim, but that there is a conflict concerning TekVisions' extra-contractual insurance claims. Hartford contends in its Reply Brief that it would be premature to engage in a choice of law analysis at this juncture. Dkt. # 21 at 6 ("Hartford notes, however, that

ORDER – 3

neither it nor TekVisions has affirmatively moved this Court for a ruling on which state's law will apply to this dispute. . . . a final determination of which state's law should apply is not properly before the court"). But simultaneously contends that this *Jones* factor nevertheless weighs in favor of transferring venue because "California law should apply in this case" and "California law is complex and specialized." Dkt. # 14 at 7.

The Court agrees with Hartford that engaging in a choice of law analysis would be premature, as the relevant legal analysis requires determining whether Washington or California has the most significant relationship to the conflict and parties. *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 832 (W.D. Wash. 2014). This analysis requires further development of the record.

The Court disagrees with Hartford that the second *Jones* factor weighs in favor of transferring venue. Hartford discourages the Court from performing a choice of law analysis—yet, notwithstanding that TekVisions has asserted multiple claims under Washington State's insurance laws, contends that California is more familiar with the governing law. This argument is contradictory and unpersuasive. The second factor does not warrant transfer.

### C. TekVisions' Choice of Forum

The third factor is the plaintiff's choice of forum to which the Court must defer absent a strong showing to the contrary. *Decker Coal*, 805 F.2d at 843. Hartford encourages the Court to discount TekVisions' choice of forum on the basis that it has no offices, employees, or physical presence in Washington. Hartford also contends that the wrongful conduct of mishandling and denying TekVisions' insurance claim bears no relationship to Washington. TekVisions responds that it maintains an office in Vancouver, Washington where it employs a salesperson whose services customer accounts in the Pacific Northwest. Dkt. # 20 ¶¶ 3-5. TekVisions further responds that Hartford's wrongful conduct is connected to Washington because that is where Microsoft sued TekVisions and set in motion the insurance claim that gave rise to this lawsuit.

ORDER – 4

Hartford has not made a showing that the Court should discount TekVisions' choice of forum. The record supports TekVisions' contention that it maintains a physical presence and one employee in Washington. Moreover, the wrongful conduct that TekVisions alleges in its complaint relates to Washington because it is where Microsoft filed the lawsuit that Hartford refused to defend. The third *Jones* factor weighs against transfer.

### D. The Respective Parties' Contacts with Washington

The fourth and fifth *Jones* factors focus on the parties' contacts with the forum apart from and related to the lawsuit. Hartford contends that TekVisions' main office and principal place of business is in California, that the contract was negotiated in California, and that all of the allegedly wrongful conduct occurred in California because that is where Hartford's claims handling took place. TekVisions contends that there are more than enough contacts with Washington for venue to be appropriate.

The Court agrees with TekVisions. While TekVisions' contacts *apart* from the lawsuit may be stronger in California, the fact remains that Washington is the location where the events leading to this lawsuit occurred. Hartford's contention that Washington bears no relationship to this action is without merit—indeed, Washington is where Microsoft sued TekVisions, prompting TekVisions to tender its defense to Hartford, thereby prompting Hartford to deny TekVisions' insurance claim. The mere fact that Hartford may have handled TekVisions' claim in California—a disputed issue of fact— does not erase Washington as the place where this lawsuit essentially began. The parties' contacts relating to the lawsuit weigh against transfer.

### E. Litigation Costs

The sixth factor concerns litigation costs. "When considering the difference in cost between two forums, courts disfavor transferring venue when litigation costs are not significantly reduced." *Ahead, LLC*, No. C13-0187-JLR, 2013 WL 1747765, at *12. "The relative cost analysis focuses primarily on the venue's proximity to witnesses." *Id.*

Hartford contends that the Central District of California is in closer proximity to

ORDER – 5

the majority of witnesses. For support, Hartford provides a chart purporting to list the state in which each of the fact witnesses identified thus far resides. Dkt. # 21 at 4-5. This chart, however, is unsupported by citation to any declaration, affidavit, or other documentary support. As is, the record does not convincingly establish that litigation costs would be significantly reduced by transferring this case to California.

### F. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

The seventh factor relates to the Court's power to compel the attendance of unwilling non-party witnesses. The availability of compulsory process favors transfer only if California has the authority to subpoena more non-party witnesses than Washington. *See Ahead, LLC*, No. C13-0187-JLR, 2013 WL 1747765, at *12. In its Reply, Hartford identifies three third-party witnesses: one from Arizona, another from Washington, and a third from California. Dkt. # 21 at 5. Assuming, for the sake of argument, that Hartford is correct, California does not have a subpoena advantage over Washington, as each forum would lack the authority compel the attendance of the same number of third-party witnesses.

### G. Access to Sources of Proof

The eighth factor concerns relative access to sources of proof, such as witnesses and documentary evidence. Hartford contends that all of the evidence is in California because that is where the claims handling evidence and most witnesses are located. TekVisions asserts that it will be necessary to gather evidence from Microsoft witnesses familiar with the underlying lawsuit. TekVisions explains that this will be necessary because Hartford has asserted "failure to mitigate" as an affirmative defense. To overcome this defense, TekVisions will need to collect evidence from Microsoft that shows TekVisions settled the lawsuit for a reasonable amount. Hartford does not meaningfully rebut this assertion.

The Court finds that the eighth factor is neutral. Hartford claims that all necessary evidence is in California, but does not counter TekVisions' argument to the contrary. As

ORDER – 6

such, this factor does not weigh in favor of transfer.

### H. Public Policy Considerations

The ninth *Jones* factor regards the public policy interest, if any, of the forum state in having the dispute litigated there. The Court finds this factor weighs against transfer because TekVisions alleges that Hartford denied coverage for a lawsuit that was filed against TekVisions in Washington State. As a general principal, "[t]he state of Washington has a strong interest in protecting insureds who must resort to litigation to establish coverage." *Axess Int'l Ltd. v. Intercargo Ins. Co.*, 30 P.3d 1, 8 (Wash. Ct. App. 2001).

Having considered all of the *Jones* factors, the Court finds that they do not weigh in favor of transfer so as to justify undermining TekVisions' choice of forum.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Hartford's Motion to Transfer Case Venue (Dkt. # 14) and **DENIES as moot** its Motion to Stay Discovery (Dkt. # 26).

DATED this 13th day of June, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7